UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMES HEWEY LOCKLEAR,<br><br>        Petitioner,<br><br>  vs.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS,<br><br>        Respondent. | NO.  CV-06-259-EFS<br><br>**ORDER DENYING PETITION** |

Before the Court, without oral argument, is Petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Ct. Rec. 4). After reviewing the submitted material and relevant authority the Court is fully informed and denies Petitioner's amended petition for the reasons articulated below.

### I. Background

On March 30, 2004, Petitioner James Hewey Locklear was sentenced by the Spokane County Superior Court for one count of Possession of a Controlled Substance with Intent to Distribute and one count of First Degree Unlawful Possession of a Firearm. According to a statement at sentencing by Mr. Cikutovich, Petitioner's attorney, "Mr. Locklear and the State of Washington agreed to a ten-year sentence based on his criminal history and the crime that was charged." (Ct. Rec. 10 Ex. 5 at

ORDER -- 1

5.) Also at the sentencing hearing, Mr. Cikutovich noted objections to the inclusion of two prior convictions in Petitioner's criminal history. *Id.* at 14-15.

On March 30, 2005, Petitioner filed a Motion for Relief from Judgment or Order Pursuant to CrR 7.8, in which Petitioner challenged the calculation of his criminal history (Ct. Rec. 10 Ex. 6). Petitioner's motion was subsequently transferred to the Court of Appeals (Ct. Rec. 10 Ex. 8). On April 7, 2006, the Court of Appeals issued an Order Dismissing Personal Restraint Petition in which the Court addressed each of Petitioner's arguments regarding the calculation of his criminal history (Ct. Rec. 10 Ex. 10). On May 4, 2006, Petitioner filed a Motion for Extension of Time in which he requested an order from the Washington Supreme Court extending the time in which he would be required to file a motion for discretionary review (Ct. Rec. 10 Ex. 11). Petitioner argued that he was attempting to "assimilate the dates of time served, length of time served and dates of release" in order to demonstrate that certain of his prior convictions should not have been counted in his criminal history. *Id.* The Washington Supreme Court denied Petitioner's motion for extension of time as well as Petitioner's subsequent Motion to Modify (Ct. Rec. 10 Exs. 12 & 14).

## II. Request for Relief

Petitioner's underlying complaint is based on Petitioner's assertion that his criminal history was incorrectly calculated by the Superior Court in which he was sentenced (Ct. Rec. 4). Pursuant to 28 U.S.C. § 2254(a), an application for a writ of habeas corpus can be entertained only "on the ground that [petitioner] is in custody in

ORDER -- 2

violation of the Constitution or laws or treaties of the United States." Therefore, this Court has no authority to review a state court application of state sentencing calculations unless a petitioner alleges specific federal statutory or constitutional violations. While Petitioner's Amended petition does not indicate any federal law, treaty, or constitutional provision Petitioner believes his custody violates, in his Response to Authorities Request to Dismiss Petitioner's Writ of Habeas Corpus, Petitioner argues that his rights under the Fifth, Sixth, and Fourteenth Amendments have been violated (Ct. Rec. 11 at 3). The only potential constitutional violation the Court could discern on review of the facts presented in Petitioner's amended petition and other filings, is a Fifth and Fourteenth Amendment Due Process violation based on Petitioner's claim that the Washington Supreme Court improperly denied him an extension of time requested by Petitioner in order to present evidence regarding his criminal history calculation. *Id.* at 2.

### III. Analysis and Conclusion

Petitioner did not raise a Due Process challenge to the Washington Supreme Court's denial of the extension of time request in state court. Therefore, this Court denies Petitioner's habeas petition based on a failure to exhaust state court remedies as required under 28 U.S.C. § 2254(b)(1)(A). In the alternative, the Court will review the petition on the merits as Section 2254 permits denial on the merits despite a petitioner's failure to exhaust state court remedies. 28 U.S.C. § 2254(b)(2).

In order to succeed on the merits, Petitioner would need to show that the Washington Supreme Court's denial of a continuance was "so

ORDER -- 3

arbitrary as to violate due process." *Ungar v. Sarafite,* 376 U.S. 575, 589 (1964). "There are no mechanical tests for deciding when a denial of a continuance" violates due process, rather "[t]he answer must be found in the circumstances present in every case, particularly in the reasons presented to [the Court] at the time the request is denied." *Id.* (*citing Nilva v. United States,* 352 U.S. 385 (1957)).

Petitioner's Motion for Extension of Time, filed on May 4, 2006, was based on Washington Rule of Appellate Procedure ("RAP") 18.8, which holds: "[t]he appellate court will only in extraordinary circumstances and to prevent a gross miscarriage of justice extend the time within which a party must file a notice of appeal." RAP 18.8(b). As stated above, Petitioner's request for an extension was based on Petitioner's attempt to acquire records regarding the dates and lengths of time he had served and his release dates (Ct. Rec. 10 Ex. 11).

Assuming all facts alleged by Petitioner to be true: assuming Petitioner was able to show that certain portions of his criminal history should have been calculated differently, and assuming a 60-day extension would have enabled Petitioner to acquire the evidence needed to demonstrate errors in the original calculation of his criminal history, the Washington Supreme Court's decision to deny Petitioner's motion for an extension of time was proper. RAP 18.8 requires that a party demonstrate extraordinary circumstances and the possibility of a gross miscarriage of justice before a court is to grant an extension for a party to file a notice of appeal. The Washington Supreme Court found Petitioner's motion failed to demonstrate extraordinary circumstances and failed to identify the nature of the review Petitioner was

ORDER -- 4

requesting (Ct. Rec. 10 Ex. 12).  Therefore, the Washington Supreme Court's decision to deny Petitioner's request was not so arbitrary as to violate due process.

**Accordingly, IT IS ORDERED**: Petitioner's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody **(Ct. Rec. 4)** is **DENIED**.

**IT IS SO ORDERED.**  The District Court Executive is directed to:

1. Enter this Order;

2. Forward a copy to Petitioner and to counsel for Defendants;

3. Deny all other pending motions as moot;

4. Enter judgment for Defendants; and

5. Close this file.

**DATED** this___23rd_____day of April 2007.

>                 S/ Edward F. Shea
>                 EDWARD F. SHEA
>            UNITED STATES DISTRICT JUDGE

Q:\Civil\2006\0259.deny.petition.wpd

ORDER -- 5